FILED
SUPERIOR COURT
OF GUAM

2022 OCT -3 PM 1:42

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO. CF0578-21** |
| vs. | **DECISION AND ORDER DENYING DEFENDANT'S RELEASE ON PERSONAL RECOGNIZANCE** |
| **VINCENT COREY SAN NICOLAS MANTANONA** | |
| *AKA VINCENTE COREY SAN NICOLAS MANTANONA* | |
| *AKA VINCENT C. MANTANONA AKA COREY* **Defendant.** | |

### INTRODUCTION

This matter came before the Honorable Benjamin C. Sison, Jr. on August 12, 2022 for a hearing on Defendant Vincent Corey San Nicolas Mantanona's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing under 8 GCA § 40.50 for Release on Personal Recognizance. Defendant was present via Zoom and represented by Alternate Public Defender Annie Gayle. The People of Guam (the "People") were represented by Assistant Attorney General David Rivera. The Court ruled from the bench DENYING Defendant's Motion for Release on Personal Recognizance. The Court now issues this Decision and Order to memorialize its ruling and to comply with 8 GCA § 40.50(a).[1]

### BACKGROUND

In CF0578-21, Defendant is charged with THEFT BY RECEIVING A MOTOR VEHICLE (as a 2nd Degree Felony). Indictment (Nov. 19, 2021). According to Guam Police Department Officers J. Rechulk and others, Defendant was traveling along Route 4

---

[1] The statute requires "Unless the conditions of release are amended and the person is thereupon released, the judge shall set forth in writing the reasons for requiring the conditions imposed."

in Chalan Pago on or about November 13, 2021 at about 12:24 A.M., on a dark motorcycle with no license plate. Decl. of Rolland B. Wimberley (Nov. 13, 2021). Officers conducted a pull over and met with the operator, later identified as Defendant. *Id.* Defendant stated that he did not have a driver's license on him due to it being damaged. *Id.* When officers requested the vehicle's documents, Defendant did not have any registration or proof of insurance. *Id.* First, Defendant stated that he was fixing the motorcycle and was going for a test drive. *Id.* However, when asked who owned the motorcycle, Defendant said he borrowed it from a friend. *Id.* Defendant could only identify his friend as "Bryant" and did not have his contact number. *Id.* Officers had a read out of the VIN, which indicated the vehicle was reported stolen on June 1st. *Id.* On or about June 1, 2021 at about 7:15 P.M., GPD Officers had received reports of a stolen vehicle, a red 2010 Honda W13CRA, bearing Guam License plate number M1539, from Summerville Condo's in Upper Tumon. *Id.* Officers arrived and met with Peter I-Hao Yen (victim) who stated that one motorcycle was stolen and one was damaged. *Id.* Mr. Yen had the vehicle registrations and documents for the vehicles. *Id.* Mr. Yen stated that he had not known his motorcycle was missing since he had not ridden it recently due to weather, but the CCTV footage of the incident occurred on 5/26/21. *Id.*

Defendant has another open case, CF0421-21; where the Defense currently has a global plea agreement which has not yet been lodged with the court. People's Opposition (Jul. 25, 2022).

Defendant is confined pending the posting of three thousand dollars ($3,000) cash bail. Commitment Order (Nov. 13, 2021). Defendant filed the instant motion on July 20,

2022. The People filed a written opposition on July 25, 2022. The People also noted their oral opposition during the Motion hearing.

## DISCUSSION

Title 8 of the Guam Code Annotated § 40.15(b) provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (Emphasis added). In making such a determination, the Court is guided by the following factors:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> (2) the history and characteristics of the person charged, including:
> > (A) length of his/her residence on Guam;
> > (B) his/her employment status and history, and financial condition;
> > (C) his/her family ties and relationships;
> > (D) his/her reputation, character, and mental and physical condition;
> > (E) *his/her prior criminal record*, if any, including any record of prior release on recognizance or on bail;
> > (F) his/her history relating to drug or alcohol abuse;
> > (G) the identity of the reasonable members of the community who will vouch for his/her reliability;
> > (H) whether, at the time of the current offense or arrest, he/she *was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense* under federal, state or local law; and
> > (I) *his/her history of compliance with other court orders*;
> (3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
> (4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
> (5) lethality risk assessments or other *risk assessments deemed appropriate by the Judiciary of Guam*; and
> (6) any other factors which bear on *the risk of willful failure to appear* or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c) (emphasis added).

Defendant proffers he does not have the means to pay the requested cash bail and is thus seeking release on his own recognizance or an unsecured bond. According to Defendant, if he is released, an Uncle Frankie is willing to allow him to stay at his residence. Defendant offers that he has some prior criminal history and some history of non-compliance with Court Orders.

The People on the other hand argue that release on personal recognizance is not appropriate because they have a strong case against Defendant and if this case was to go to trial Defendant would serve a lengthy prison sentence. The People suggest that no level of supervision is sufficient for Defendant short of being held in the Department of Corrections.

The Court finds that Defendant's history indicates the risk of Defendant's willful failure to appear and comply with the Court's future orders. This is evidenced by the Indictment of CF0578-21, wherein the People provide a Notice of Commission of a Felony while on Felony Release. The notice alleges that Defendant committed the crime in CF0578-21 while he was on pre-trial release for CF0421-21. Also relevant is this Court's issuance of bench warrants on October 4, 2021; October 20, 2021; and October 29, 2021 (for CF0421-21) after Defendant failed to appear for hearings on September 29, 2021; October 20, 2021; and October 25, 2021; respectively.

Notably, the October 25th hearing was the Defendant's third missed hearing, and it occurred only five days after his second bench warrant had been vacated. In fact, the Defendant was only apprehended after he was arrested on November 13, 2021 for the instant case. Further, the arrest for this underlying case arose mere weeks after his pre-trial

release in CF0421-21. Accordingly, the Court is not convinced that Defendant will appear as required or will comply with the Court's orders.

Based on the information provided to the Court, especially Defendant's failure to appear as required and abide by pre-trial release conditions, and upon the Court finding no substantial change to any of the conditions that were before the Magistrate Judge setting the bail at $3,000, and that such conditions are the least onerous conditions at this time, the Court therefore DENIES Defendant's Motion for Release.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Release on Personal Recognizance is hereby DENIED.

**SO ORDERED** this _____ day of September, 2022.

HONORABLE BENJAMIN C. SISON, JR.
**Magistrate Judge, Superior Court of Guam**